FLAGG MANUFACTURING COMPANY *vs.* CHESTER
B. HOLWAY.

Suffolk.    December 4, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

In a suit in equity brought to restrain the defendant from selling zithers made
in imitation of the plaintiff's, which were of a certain form and arrangement
unpatented but intended for the use of patented music of which the plaintiff
owned the patent, it was *held*, that the defendant might lawfully sell zithers de-
liberately copied from the plaintiff's if he did not represent them to be of the
plaintiff's make, and that the only relief to which the plaintiff was entitled was
to have the defendant* ordered plainly to mark the zithers sold by him so as
to indicate unmistakably that they were of the defendant's make and not the
plaintiff's.

BILL IN EQUITY brought to restrain the defendant from sell-
ing zithers made in imitation of the plaintiff's, filed December
14, 1899.

In the Superior Court the case was referred to William A.
Copeland, Esq., as special master, from whose report the follow-
ing extracts are taken :

The bill of complaint alleges that since May, 1897, the plain-
tiff has been engaged in the manufacture and sale of a certain
kind of musical instrument known to the trade and public as the
Regent zither, and has built up a lucrative trade in the same;
that one of the distinguishing features of the Regent zithers is
that the strings are arranged in groups and are supported by
bridges arranged diagonally on a four sided sounding board, with
a straight lower edge and peculiarly curved sides and top ; that
with the zithers of the plaintiff are used certain patented sheets
of music, the patent on which is numbered 614,775, dated No-
vember 22, 1898, and is owned by the plaintiff ; that the strings
of the zithers made by the plaintiff are arranged at distances one
from the other, in correspondence to the distances between cer-
tain columns of characters on the patented music, and that the
music so patented is sold by the plaintiff for use only on zithers
of its own manufacture, and is incapable of use on any other in-
struments except the zithers of the defendant complained of ;
that as a means of holding the music in proper position on its

zithers the plaintiff has inserted in the sounding board two pins, and has punched two holes in the sheets of music made under its patents, which holes fit over the pins and hold the music in proper position with relation to the strings, and that the fact that the zithers of the plaintiff are capable of use with its patented music has become and is one of the most valuable features of the zithers made by the plaintiff.

The bill charges that since November 1, 1899, the defendant has been selling, without the license of the plaintiff, zithers, under the name of Germania Zither No. 5, not of the plaintiff's manufacture and inferior in quality to the plaintiff's zithers, but constructed and arranged with all of the peculiarities of the plaintiff's zithers, so, as to be practically a fâc-simile thereof, and that the defendant thereby deceives the public and causes it to believe that the zithers sold by the defendant are the zithers manufactured and sold by the plaintiff; that in addition to adopting the peculiarities of shape and construction of plaintiff's Regent Zither No. 5, the defendant has arranged the strings on the Germania Zither No. 5 in the same order and with the same spaces between them as in plaintiff's Regent Zither No. 5, thereby rendering the defendant's zither capable of use with the patented music of the plaintiff, and that this fact has further misled and deceived the public; that the adoption of the above-mentioned construction and configuration of zithers, and the arrangement and spacing of the strings by the defendant, was for the purpose of deceiving the public and causing the public to believe that the zithers made and sold by the defendant were made and sold by the plaintiff, and that the public has been deceived thereby.

The prayer is for an injunction restraining the defendant from selling zithers which imitate and simulate the zithers made and sold by the plaintiff, and zithers whose strings are arranged and spaced as are the strings made by the plaintiff, and specifically from selling zithers like defendant's Germania Zither No. 5; that the defendant be ordered to deliver to the plaintiff, or to destroy, all such zithers and advertising matter now in his possession, and to pay to the plaintiff compensation for all damages.

The defendant in his answer alleges that substantially the

same kind of instruments, under the name of zither and other names, have been manufactured and sold by various persons for many years, and the name and style are public property; that the distinguishing mark of the plaintiff's instrument is a peculiar design upon the upper surface around the opening, with the name " Regent Zither " and the company's name and place of manufacture; that the defendant has arranged the strings in the same order and with the same spaces between them as they are arranged in plaintiff's Regent zither, for the sole purpose of adapting his instrument for use with, certain music patented under Letters Patent No. 452,955, dated May 26, 1891, granted to James Dodd, which patent is owned by the defendant; and that he distinguishes his zithers from the zithers of the plaintiff by plain distinguishing marks, and that he has never used the name " Regent " nor the plaintiff's peculiar figure on the sounding board above mentioned.

The master found as follows:

" An inspection of the two exhibits A and B annexed to the plaintiff's bill, being respectively the defendant's and plaintiff's instruments, shows that the outline of the defendant's zither, Exhibit A, is almost identically the same as that of the plaintiff's zither, Exhibit B, that is, a straight lower edge and similarly curved sides and top, although the body of the defendant's instrument is somewhat thinner, being $1\frac{2}{16}$ inches, while plaintiff's is $1\frac{5}{16}$ inches.

" The strings of Exhibit A are arranged in groups in the same order and of the same length and with the same spacing between them as the strings of Exhibit B.

" The strings of each are supported by bridges arranged diagonally on the sounding board and in the same relative positions, the plaintiff's bridge moulding being black, while the defendant's is gold or bronze."

Other points of resemblance and of difference between the two exhibits are then mentioned by the master.

The plaintiff contended at the hearing before the master that it was entitled to an injunction to restrain the defendant from selling or offering for sale: " 1, Zithers having groups of strings arranged and spaced in imitation of Exhibit B, irrespective of the form of the instrument or of the style of label; 2, Zithers

having the configuration of Exhibit B, strung in groups of chords; 3, and, specifically, zithers having the combination of features 1 and 2, that is, having the configuration of Exhibit B and having groups of strings arranged and spaced in imitation of Exhibit B, irrespective of any variation in the label, finish or general marking."

There was no contention that the plaintiff had a patent for the mechanical construction, or for the method of stringing his zither Exhibit B, nor that he had a patent for the shape of the body of the instrument.

The master ruled:

" I rule that the principle is 'that no one shall, by imitation or any unfair device, induce the public to believe that the goods he offers for sale are the goods of another, and thereby appropriate to himself the value of the reputation which the other has acquired for his own products or merchandise.

" The question here is whether the zithers like Exhibit A, sold by the defendant, deceive or are calculated to deceive or ' to mislead and deceive the ordinary purchaser in the exercise of ordinary care and caution in such matters,' and cause him to believe that he is purchasing the plaintiff's zither.

" The plaintiff's counsel contended in effect, at the hearing before the master, that the plaintiff was the first to make a zither strung after the manner of Exhibit B; that this is the only style of instrument with which the patented music of the plaintiff is capable of being used; that having built up an extensive and lucrative trade in such zithers, the public have come to regard all zithers so strung as made by the plaintiff, and that zithers similarly strung, made by any other manufacturer, are necessarily calculated to deceive the public and should be enjoined.

" I find that the plaintiff has made instruments like Exhibit B since May, 1897; that it began putting them on the market in July, 1897, and that it has built up an extensive trade therein; that the plaintiff is the owner of Letters Patent of the United States, No. 614,775, dated November 22, 1898, for an Indicator for Stringed Musical Instruments, and referred to in the testimony as the St. John patented music, and that the zithers of the plaintiff like Exhibit B are adapted to be used in connection with the plaintiff's said patented music.

. " The plaintiff contends, and its witnesses testify, that with the exception of the defendant's instruments complained of, the plaintiff's instruments are the *only* ones on which the plaintiff's said patented music is capable of being used."

The master then stated the defendant's contention that certain prior patents for music were designed for instruments similar to the plaintiff's, and said : " The only bearing, if any, in this case which those exhibits [of patented music] can have is on the question as to whether the prior patents showed instruments of the same appearance as the plaintiff's ; and in my opinion they do not show sufficient resemblance to affect the decision in this case.    I rule that the plaintiff has no right to the protection of this Court in a monoply of making zithers having the mechanical features of stringing of Exhibit B broadly.    Its only right is to be protected against the defendant selling zithers calculated to deceive those who think they are purchasing zithers of the plaintiff's manufacture.

" Apparently, the plaintiff's contention is that, as the plaintiff was the first to put on the market zithers strung like Exhibit B, the public have come to believe that all zithers so strung and capable of use with the St. John music are necessarily from the same source of manufacture, and therefore the plaintiff is. entitled to continue such monopoly.    In the absence of direct evidence of such fact, I am unable to find that they would be likely to be so misled, or that the defendant would be accountable for such erroneous understanding on the part of the public if the defendant's goods are otherwise clearly distinguishable from the plaintiff's.

" I rule that the defendant has a right to make zithers with the strings arranged in groups of chords, spaced as are the strings in Exhibit A, and adapted for use with the St. John patented music, with diagonally arranged bridges, having pins for holding the music, and having columns of numbers indicating the strings, provided his instrument is so marked as to clearly and plainly distinguish it from the plaintiff's instrument by the ordinary purchaser.

" The bill alleges that the plaintiff's patented music is sold for use only on zithers of the plaintiff's manufacture.    The only evidence of this is that in one case the plaintiff. refused to sell

music to a lady who said that she wished it for use with a Germania zither, and there is no evidence that the defendant had any knowledge of such conditional sales by the plaintiff, nor, in my opinion, would it be material if he did have such knowledge.

" I find no evidence of actual deceit of any purchaser, nor any evidence of actual attempt to deceive, except so far as it may be inferred from the resemblance of the two exhibits. . . .

" As to whether the plaintiff is entitled to protection in the exclusive use of zithers having the bodies shaped like those of exhibits A and B, and strung in groups of chords, I find that it is not so entitled.

" So far as appears from the evidence, the configuration of the body of the instrument, Exhibit B, was new with the plaintiff. Inasmuch as there is no evidence that the plaintiff has ever made any zithers having any different style of stringing from that of Exhibit B, and as there is no evidence that zithers having a body shaped like Exhibit B but with substantially different style of stringing would be mistaken for the plaintiff's instrument, I am not prepared to find on the evidence before me that such construction would be an infringement of the plaintiff's rights. Whether or not the grouping of the strings in chords, with spaces between them as Exhibit B, was patentably new, the general appearance of the instrument as a whole was, according to the evidence, different from anything before produced.

" As the evidence shows that the plaintiff had built up a very extensive trade in this particular style of zither, and that there were no others like it on the market up to the time the defendant's goods appeared, it is not necessary that there should be direct testimony that the public have come to recognize the goods as being the plaintiff's. Nor must actual deceit or intent to deceive be proved. It may be determined by inspection. Upon inspection of the two exhibits, A and B, it is impossible for me to escape the conclusion that the defendant, in designing his instrument, had before him one of the plaintiff's instruments, and deliberately copied it in all essential and many non-essential details, and that this was done for a wrongful purpose. . . .

" In my opinion, most purchasers would not examine carefully enough to notice the difference. The specific trademark ' Ger-

mania' is not an infringement of the specific trademark 'Regent,' and if this were a trademark case proper the plaintiff could not prevail, but as a suit in equity, to restrain unfair competition, the mere use of the word 'Germania,' as arranged in Exhibit A, does not, in my opinion, free the defendant. In the exhibits before me the 'No. 5' gives additional strength to the plaintiff's case. The evidence shows that the defendant's instruments of the style of Exhibit A, which are intended for sale, are marked 'No. 7' instead of 'No. 5.' This alone, however, does not, in my opinion, relieve the defendant. To entitle to relief it is not necessary that the imitation should be so close as to deceive persons seeing the two side by side.

"I am of the opinion that an injunction should be granted against the selling or offering for sale by the defendant of zithers like Exhibit A, unless they are so clearly and unmistakably marked as to indicate in some way that they are the product of the defendant, and not the product of the Flagg Manufacturing Company."

Exhibits A and B were the zithers themselves, A being one of those sold by the defendant and B one of those made by the plaintiff.

The following exceptions to the master's report were filed by the plaintiff :

1. The master erred in not finding that the defendant had no right to imitate the plaintiff's arrangement and spacing of the strings, including bridges and tuning pins.   2. The master erred in not finding that the defendant had no right to imitate the peculiar style of the body of the plaintiff's instrument. 3. The master erred in not finding that the defendant had no right to make, sell or offer for sale instruments simulating the plaintiff's instruments as to arrangement and spacing of strings, bridges and tuning pins, and also as to style of body.   4. The master erred in not finding that the defendant's instruments are simulations of the plaintiff's, and that defendant has no right to make, sell or offer for sale such simulations.   5. The master erred in finding that defendant had a right to make, sell and offer for sale simulations of the plaintiff's instrument on condition that such simulations are clearly and unmistakably marked so as to indicate in some way that they are the product of the defendant and not the product of the plaintiff.

After a hearing upon these exceptions, the Superior Court made the following decree: "And now this cause came on to be further heard at this sitting upon the coming in of the master's report and exceptions thereto filed by the plaintiff, and was argued by counsel, and thereupon, upon consideration thereof, no exceptions having been taken to any findings of fact made by the master, it is ordered, adjudged and decreed that the first and second exceptions be overruled, and that the third, fourth and fifth exceptions to the master's rulings as matter of law be sustained; and that an injunction issue perpetually restraining and enjoining the defendant, his agents and servants, from selling, offering for sale or disposing of any zither or zithers like the zither made and sold by the plaintiff and known as Regent Zither No. 5, and being Exhibit B of the plaintiff's bill, or in any form calculated or intended to pass off or to enable others to pass off such zither or zithers as and for the zither or zithers of the plaintiff and known as Regent Zither No. 5; and that the plaintiff recover its costs of suit to be taxed by the clerk, and that execution issue therefor in common form."

From this decree the defendant appealed to this court.

*C. H. Welch*, for the defendant.

*J. E. Maynadier*, for the plaintiff.

HOLMES, C. J.    This is a bill brought to restrain the defendant from selling zithers which imitate the plaintiff's, or with strings arranged and spaced as the plaintiff's strings are arranged and spaced, and specifically to restrain it from selling a particular form of zither heretofore sold by it and exhibited by the bill. The case was sent to a master, who reported what is manifest on inspection, when the time of the respective manufactures is known, that the defendant deliberately copied the plaintiff's instrument in all essential and many non-essential details, adding that this was done for a wrongful purpose.    The Superior Court made a decree for the plaintiff, in terms almost as broad as the prayers of the bill, and the defendant appealed.

We are of opinion that the decree was wrong in principle. Both zithers are adapted for the use of patented sheets of music, but the zithers are not patented.    Under such circumstances the defendant has the same right that the plaintiff has to manufacture instruments in the present form, to imitate the arrange-

ment of the plaintiff's strings or the shape of the body.   In the absence of a patent the freedom of manufacture cannot be cut down under the name of preventing unfair competition.   *Dover Stamping Co. v. Fellows*, 163 Mass. 191.   See *Singer Manuf. Co. v. June Manuf. Co.* 163 U. S. 169.   All that can be asked is that precautions shall be taken, so far as are consistent with the defendant's fundamental right to make and sell what he chooses, to prevent the deception which no doubt he desires to practise.

It is true that a defendant's freedom of action with regard to some subsidiary matter of ornament or label may be restrained, although a right of the same nature with its freedom to determine the shape of the articles which it sells.   But the label or ornament is a relatively small and incidental affair, which would not exist at all, or at least would not exist in that shape but for the intent to deceive ; whereas the instrument sold is made as it is, partly at least, because of a supposed or established desire of the public for instruments in that form.   The defendant has the right to get the benefit of that desire even if created by the plaintiff. The only thing he has not the right to steal is the good will attaching to the plaintiff's personality, the benefit of the public's desire to have goods made by the plaintiff.   Probably if there were an absolute conflict between the defendant's right as we have stated it and the plaintiff's, the defendant's would prevail. *American Waltham Watch Co. v. United States Watch Co.* 173 Mass. 85, 86, 87.   But the plaintiff's right can be protected sufficiently by requiring the defendant's zithers to be clearly marked so as to indicate unmistakably that they are the defendant's and not the plaintiff's goods.   This is the relief which the master found to be proper, and we are of opinion that he was right.   To go further is to save the plaintiff from a competition from which it has no right to be exempt.

> *Decree reversed.   Decree to be framed overruling the plaintiff's exceptions to the master's report and enjoining the defendant from selling or offering for sale zithers like Exhibit A unless clearly marked to show that they are the product of the defendant and not the product of the plaintiff.*