BENDER et al. v. ENTERPRISE MFG. CO.

(Circuit Court of Appeals, Sixth Circuit.  November 8, 1907.)

No. 1,674.

TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—REPAIR PARTS FOR MACHINE.

   The mere making and sale of repair parts for a well-known machine, the patents on which have expired, by other than the patentee and maker of the machine, which also makes and sells such repair parts, is not an act of unfair trade, unless they are put out as the goods of the original patentee, and especially where they are unmarked, while those made by the patentee are marked with its name.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 79.

   Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

For opinion below, see 148 Fed. 313.

E. L. Thurston, for appellants.
Charles Howson, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge.  This is an appeal from a decree enjoining the defendant from making and selling repair parts for the Enterprise meat chopper, without marking on each the name of the maker.  The case was heard on an agreed statement of facts.  It appears that the complainant below, the Enterprise Manufacturing Company, had been making and selling meat choppers for many years. It and its predecessor used as a trade-mark for its choppers, and other like hardware, the word "Enterprise."  The meat choppers it makes at present have been manufactured since 1883.  Since 1891, it has been making what is called the "Enterprise Tin Meat Choppers," and since 1892 that name has been registered as a trade-mark.  The original Enterprise Meat Chopper was patented in 1883 and 1886.  The patents have long since run out.  Since 1887 and 1888, many of the repair parts of the Enterprise chopper have been marked as made by that company.  It appears that for many years there has been a large independent trade in the repair parts of meat choppers, and that the defendant below has made and sold many thousand sets of such repair parts.  These sets are packed in boxes which are labeled:

"Repair parts for the Enterprise Meat Chopper, manufactured by the Giant Lock Company, Cleveland, Ohio."

The court below held in its decree that as matter of fact the complainant had for many years used the name "Enterprise" as a trademark to distinguish its meat chopper from others on the market, and that it was well known to the trade and consumers as the complainant's product; that the wearing parts of the machine had for many years been sold by the complainant independent of the machine, and

156 F.—41

that the complainant had an established good will in the business of making and selling such parts; that the defendant had made and sold wearing parts intended for the Enterprise chopper, and such parts were the same shape and appearance as those of the complainant, but were without any markings to indicate the maker, and that, while put up in packages labeled as claimed by the defendant, they reached the consumer without any markings to indicate their origin, and, by reason of this absence, purchasers of the defendant's wearing parts were misled into believing that they were made by the complainant, the well-known maker of the machines. Evidently, as a result of these findings, which virtually decide the case, the court decreed that the defendant be enjoined from making or selling any meat chopper parts not made by the complainant, without distinguishing such parts from similar parts made by complainant, by clearly marking upon each of said parts its own name or the name of the makers.

In its opinion the court refers to three cases: Flagg Mfg. Co. v. Holway, 178 Mass. 83, 59 N. E. 667, in which the defendant was enjoined from selling a zither of the peculiar shape of the complainant's without marking it as his own manufacture; Deering Harvesting Co. v. Whitman & Barnes, 91 Fed. 376, 33 C. C. A. 558, in which it appears that the parts of which complainant sought to enjoin the making and sale were plainly advertised by catalogue and labeled as the complainant's manufacture; and Neostyle Mfg. Co. v. Ellam's Duplicator Co., 21 R. P. C. 185, in which the court suggested it was the duty of the defendant to mark an ink sold for use in a duplicating machine as its own product, so as to distinguish it from that made by the manufacturers of the machine. The cases referred to by the court are, for the purposes he uses them, in line with the case of Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, in which it was held that while any one, after the expiration of the Singer patents, was free to make and sell the Singer sewing machine under that name, it must mark the machine with the name of the maker, so that the public might not be misled into thinking it was the product of the original patentees. The decision below apparently extends the doctrine of this case so as to require not merely the machine, when made by others than the original patentees, but the repair parts of the machine, to be marked with the name of the maker. We think this is going too far, and that the resulting limitation upon the rights of the public is unjustified and therefore unreasonable. The cases themselves may be distinguished. In Flagg Mfg. Co. v. Holway, 178 Mass. 83, 59 N. E. 667, the zither was of a unique shape. The defendant purposely and wrongfully imitated its shape. The court held he had not the right to do this "to steal the good will attaching to the plaintiff's personality," and, to prevent it, required the defendant's zithers to be clearly marked so as to indicate they were the defendant's, and not the plaintiff's, goods. But in the present case no such attempt was shown. There was no effort to palm off the repair parts of the defendant below as those of the complainant. In the case of Deering Harvester Co. v. Whitman & Barnes Co., 91 Fed. 376, 33 C. C. A. 558, it does not appear that the repair parts were marked as

made by the defendant. They were advertised by catalogue and labeled as of their manufacture, but that was just what was done in the present case. In the Deering Harvester Case, the parts themselves were marked by certain letters showing where each belonged in the machine. This was quite a different thing, and unnecessary in the present case. In the English Case, Neostyle Mfg. Co. v. Ellam's Duplicator Co., 21 R. P. C. 185, there was an attempt to restrain the defendant from selling ink or paper for use on the Neostyle machine. This was defeated; the judgment being for the defendant. Having thus decided the case, the court suggested that they put their names on future tins of ink and this was accepted.

There was no actual deception charged in this case, nor any attempt at proof of any made. The only unfair trade was inferential or constructive. The present case goes on the assumption that unmarked repair parts are to be taken as made by the makers of the machine, the original patentees, and this although the makers marked their repair parts. We think a safer assumption would be, in view of the established trade in repair parts, that unmarked repair parts are to be taken as not made by the makers of the machine or original patentees, but by others. It is not to be inferred that they are made by the makers of the machine, unless so marked. The mere making and sale of repair parts for a well-known machine by other than the makers would therefore not be regarded as an act of unfair trade, unless they were put out as the goods of the original patentee. The patents having long since expired, the manufacture of meat choppers and all their parts are now open to all. To require every repair part, however small, to be branded with the name of the maker, would tend, it seems to us, to stifle competition in the manufacture and sale of repair parts, and put an unnecessary burden upon a large and important branch of trade.

The decree of the lower court is reversed.