### AMERICAN FORK & HOE CO. v. STAMPIT CORPORATION.

No. 8784.

Circuit Court of Appeals, Sixth Circuit.

Jan. 13, 1942.

Frank M. Slough and John T. Scott, both of Cleveland, Ohio (Frank M. Slough, of Cleveland, Ohio, on the brief), for appellant.

James R. McKnight, of Chicago, Ill. (James R. McKnight and Harry L. Peters, both of Chicago, Ill., and Homer H. Marshman, of Cleveland, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a portion of a decree holding Patent No. 1,937,775, issued to S. P. Neuhausen December 5, 1938, valid but not infringed. The District Court also held that the appellant, by the manufacture and sale of a particular rake subsequent to the issuance of the Neuhausen patent and subsequent to the manufacture and sale of rakes under the patent by the appellee, had engaged in unfair competition. The court found:

"The rake made and sold by defendant [appellant] * * * is similar to that manufactured and sold by complainant [appellee], among other things in color and shape, has the same number of teeth, the teeth being of the same length and spacing and formed in the same manner, is the same width, the cross member is of the same depth, the flange of the same width and the rake is similar thereto in general combination of details and appearance as to be likely to cause confusion in the purchasing public."

A permanent injunction was issued, restraining the appellant from manufacturing, selling or offering to sell rakes such as those described in the finding.

The appeal does not attack the holding as to validity and infringement of the patent. The sole question is whether the court erred in finding the appellant guilty of unfair competition, and in issuing the decree based upon that finding.

As a preliminary question, appellant urges that the complaint did not plead a cause of action resting on unfair competition, but merely alleged aggravation of patent infringement because of the claimed copying by appellant of details of construction of appellee's rake, and that within the doctrine announced by this court in Troy Wagon Works v. Ohio Trailer Co., 6 Cir., 272 F. 850, independent relief on account of unfair competition should not be granted here.

474

The allegations with respect to unfair competition are as follows:

"Complainant further alleges upon information and belief that said defendant acquired or caused to be acquired genuine rakes of complainant's manufacture embodying the invention of the patent in suit, and with said genuine rake as a model before it, proceeded to construct infringing rakes embodying therein not only the patented features of complainant, but copying and simulating non essential details such as shape, size, materials, color, design, and the various combinations thereof to such an extent as to enable it to palm off on the public its rakes as and for the genuine rakes of complainant's manufacture; the appearance of defendant's rakes thus copied not only being of such near resemblance to complainant as made under the patent aforesaid as to likely deceive the public to purchase one for the other but to make it almost impossible for the ordinary purchaser or user to distinguish one from the other, thus aggravating the unlawful infringement aforesaid by such unfair, fraudulent and deceptive imitation of complainant's rake; and that such unfair and deceptive methods in competition with the complainant have been carried on by the defendant in connection with, arise out of, and are a part of defendant's infringing acts aforesaid."

These allegations do not plead an independent cause of action for unfair competition. While the holding in the Troy Wagon Works case, supra, supports appellant's contention that an injunction upon that ground cannot therefore be granted, the objection must be overruled because of the more liberal rules of procedure now applicable. The action was instituted December 20, 1938, and all proceedings are governed by the new Federal Rules of Civil Procedure, effective September 16, 1938, 28 U.S.C.A. following section 723c. Rule 15, which squarely applies, reads as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Here the issue of unfair competition was tried in open court, and no objection was made by appellant to the admission of the evidence upon which the District Court relied for its decision. The pleadings might have been amended, even after judgment, to conform to the evidence; but since failure to amend does not affect the result as to issues tried, we conclude that in absence of any motion attacking the complaint, and in absence of objection to the evidence, the complaint is to be considered as having duly charged an independent cause of action in unfair competition.

Appellant urges that the court abused its discretion in overruling its motion for rehearing. Since the notice of appeal did not include the order overruling the motion in its designation of the matter from which an appeal was taken, we have no jurisdiction to consider it. Assuming that we had such jurisdiction, the claim of error has no merit, no abuse of discretion being shown.

The appellant is on surer ground when it urges that the decree must be reversed on the merits for lack of proof of an exclusive right to the particular shape or design of rake manufactured. Since no question is made as to infringement, it is necessary for the appellee to establish its claimed exclusive right in some other manner than under the patent. No trade-mark or trade name is involved, and appellee's case therefore depends primarily upon whether this record shows that its rakes are sought by the public because they are manufactured by the appellee, and not because of their own peculiar quality, that is, whether this form of rake has a secondary meaning. The substance of the testimony upon this point is concise and not controverted. Foster, president of the appellee, stated that appellee started making rakes substantially like the rake in issue in the early part of 1935. He declared that this was the first rake that was made to retail at fifty cents; that it has met with general acceptance, being shipped into about 42 states and into Canada; that upwards of 300,000 have been sold, the sales now running over 100,000 a year. To show the nature and extent of appellee's advertising, four pieces of literature were introduced in evidence, together with the statement that these are sent out to 250 of the major jobbers in the United States and Canada, and with correspondence generally. Foster testified that appellant's rake was called to his attention by one of his customers, who said "We've got a rake that's just like yours." Foster examined the

rake, which he said had the same number of teeth, the same length, was formed in the same manner and of the same color and width as appellee's rake. Another customer showed Foster one of appellant's rakes and also commented on the similarity. These events happened about two and a half years after appellant's rake had been on the market, some time in 1937 or 1938. Foster emphasized that his corporation was a pioneer in the "fifty cent flexible selection," that is a pioneer as to "price of that kind of rake." Appellee introduced no evidence indicating that customers sought its rake because it is manufactured by the appellee corporation.

The rake of each of the parties has twenty-four tines displaying a similar curve, measures slightly over seventeen and one-half inches wide, and is green in color. It is not contended here that the tine retaining feature of the Neuhausen patent is imitated by appellant. It appears that prior to 1935 appellant manufactured a rake eighteen inches wide, with twenty-four teeth, and that appellee's rakes up to 1936 were always advertised as being red instead of green. Nevertheless, considering the presumption to be accorded the findings of the trial court, we assume that a substantial similarity existed between appellee's rake and appellant's rake as sold in 1938, and that the combination of features in which the rakes are similar appeared in appellee's rake prior to the time that appellant's rake was put on the market.

 No evidence of actual confusion was presented, but this is not necessary if confusion or deception is natural and probable as the result of the resemblance. However, the mere existence of possible confusion does not give rise to the right of injunction. As stated by Judge Learned Hand in Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 247 F. 299, 300:

" * * * it is apparent that it is an absolute condition to any relief whatever that the plaintiff in such cases show that the appearance of his wares has in fact come to mean that some particular person—the plaintiff may not be individually known—makes them, and that the public cares who does make them, and not merely for their appearance and structure."

 The doctrine of secondary meaning has come to be associated with the product itself, as well as with the trade-mark or trade name under which it may be sold. A secondary meaning attaches to a given shape or form of article when that form is associated in the minds of prospective customers with the source from which the article came to such an extent that demand for the particular article depends upon the business reputation or standing of its maker. Here the District Court in effect held that the manufacture of a rake not distinguished by any trade-mark or trade name, for some two years prior to the appearance of appellant's rake, establishes a right to permanent injunction against manufacture by appellant of the rakes described. If the advertising and the territorial extent of sales without any breakdown as to the number sold in each state or district defines the area, the injunction might be construed to extend to 42 states and Canada. We think that this conclusion is erroneous. As Chief Justice Holmes said in Flagg Mfg. Co. v. Holway, 178 Mass. 83, 59 N.E. 667:

"In the absence of a patent the freedom of manufacture cannot be cut down under the name of preventing unfair competition. * * * All that can be asked is that precautions shall be taken, so far as are consistent with the defendant's fundamental right to make and sell what it chooses, to prevent the deception * * *."

 The same doctrine has been approved in Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 121, 59 S.Ct. 109, 83 L. Ed. 73. Moreover, in order to establish even the limited right of compelling appellant to take positive steps to avoid confusion, the existence of secondary meaning must plainly appear. It is often held that in the case of sales made or business carried on for a long period under a trade name, trade-mark, or peculiar dress of goods, and in a well-defined area, a secondary meaning is created which establishes a right to injunction. In Little Tavern Shops v. Davis, 4 Cir., 116 F.2d 903, 906, for twelve years the plaintiff had conducted a business under the name of Little Taverns in thirteen shops within a single city and the court decided that the right to use that name in that vicinity was exclusive. But this is very different from holding that an exclusive right exists in the dimensions, form, shape and color of a rake whose appeal is said by the maker to lie in the fifty-cent price. No peculiar mark or designation distinguishes appellee's rake, and nothing is presented showing that appellant's rake was put out with any intent to deceive. The fact of the low price adequately explains the increasing volume of appellee's sales, but does not establish that the primary

significance of the product is that it is manufactured by the appellee. Therefore its case must fail. When it does not appear that the public has been moved in any degree to buy an article because of its source (Crescent Tool Co v. Kilborn & Bishop Co., supra), an action for unfair competition does not lie. As in the case of Sinko v. Snow-Craggs Corp., 7 Cir., 105 F.2d 450, all that is shown here is that the two rakes are similar in form, color and appearance; but there is no showing that appellant's rake was bought as originating with the appellee, nor that appellee's rake was bought because it was manufactured by it. This court, in Upjohn Co. v. William S. Merrell Chemical Co., 6 Cir., 269 F. 209, 212, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410, declared that "certain it is that there is no recognized basis of any right to exclude others, save that extent and kind of public sanction which has induced a common identification of maker by product, and that only in this way can a plaintiff claim to have any property rights to be protected." Cf. Kellogg Co. v. National Biscuit Co., supra, 305 U.S. at page 118, 59 S.Ct. 109, 83 L.Ed. 73, where the court stated that to establish a trade name in the term "Shredded Wheat" the plaintiff "must show that the primary significance of the term in the minds of the consuming public is not the product but the producer."

In light of this conclusion we need not consider whether the resemblance between appellant's and appellee's rakes is founded upon functional or non-functional features, a branch of the case which, due to the meagerness of the record, could not be adequately discussed.

The decree is reversed and the cause is remanded with instructions to dismiss the bill.