## HERBERT L. HILDRETH *vs.* D. S. McDONALD COMPANY.

Suffolk.   March 7, 1895. — June 19, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON,
LATHROP, & BARKER, JJ.

*Trademark — Imitation of Goods — Injunction.*

A manufacturer who, for the purpose of presenting his goods to the public, has
adopted a particular combination of features in part old and in part new, is en-
titled to an injunction against a palpable imitation thereof.

BILL IN EQUITY, filed November 20, 1894, praying that the
defendant corporation be restrained from putting up, selling, or
offering for sale any candy or other similar article wrapped and
labelled in the manner, or in imitation of the manner employed
by the plaintiff.   Trial before *Morton*, J., who entered a decree
that the defendant be restrained " from printing or causing to
ᵇᵉ printed in red upon yellow wrappers, adapted to be used in
itting up molasses candy, substantially in the size, shape, and
manner in which said plaintiff, Herbert L. Hildreth, puts up and
offers for sale the molasses candy made by him, the name ' Mc-
Donald,' or any other name, word, mark, or device whereby any
candy sold or offered for sale by the defendant shall be caused to
resemble in its dress and appearance said candy of the plaintiff,
and also from putting up, offering for sale, or selling any molasses
candy, or candy similar thereto, put up in yellow wrappers, with
the red printing thereon substantially like " the method em-
ployed by the plaintiff, as shown by an exhibit annexed to the bill.
The judge, at the defendant's request, reported the case for the
determination of the full court.   The facts appear in the opinion.

The case was argued at the bar in March, 1895, and afterwards
was submitted on the briefs to all the judges.

*J. E. Maynadier*, (*S. R. Mitchell* with him,) for the defendant.

*A. P. Browne*, (*J. K. Berry* with him,) for the plaintiff.

ALLEN, J.   There is no question of trademark in this case.
The only question is, whether the plaintiff is entitled to an in-
junction on the ground that the defendant company was passing

off its molasses candy as and for molasses candy made by the plaintiff, and thus injuring the plaintiff by unfair competition. On the report it would seem that others before the plaintiff had made molasses candy of the same size and shape, and wrapped the pieces in the same kind and size of paper, with twisted ends. To this combination, which was not original with the plaintiff, he added the printing of the word " Velvet " in red script letters upon the middle and ends of the wrappers. The defendant company used the same combination of size and shape of the candy, and the same kind and size of paper and manner of wrapping, all of which it had a right to do. But to this it added the printing in Roman letters, instead of script, of another word, viz. " McDonald," in red ink upon the middle of the wrappers, but not upon the ends. It is found that the public is thereby in fact deceived into believing that the defendant's goods are the plaintiff's goods, and that the resemblance was not accidental. It is not expressly stated, but we must assume that the public who are deceived are persons of ordinary caution and prudence. The injunction which was granted was expressly limited to the printing in red letters upon wrappers of the same kind as those used by the plaintiff, to be used for pieces of molasses candy of the same size and shape.

There are decisions to the effect that color alone cannot become a valid trademark, and that a red label on a yellow wrapper, or a white label on a red box, cannot be registered. *Re Landreth*, in Browne, Trademarks, § 89 *d*. *Payson's Indelible Ink*, in Browne, §§ 271, 272. *Philadelphia Novelty Manuf. Co.* v. *Rouss*, 40 Fed. Rep. 585. *Philadelphia Novelty Manuf. Co.* v. *Blakesley Novelty Co.* 40 Fed. Rep. 588. *Fleischmann* v. *Starkey*, 25 Fed. Rep. 127. *Faber* v. *Faber*, 49 Barb. 357. *In re Hanson's Trademark*, 37 Ch. D. 112. But where for the purpose of presenting his goods to the public a manufacturer has adopted a particular combination of features, in part old and in part new, he may be entitled to protection against a palpable imitation. The case of the plaintiff is not very strong on the facts, yet he seems to be entitled to the carefully limited injunction which was granted. The case of *Lever* v. *Goodwin*, 36 Ch. D. 1, is in point upon the principle involved, though the facts there were stronger for the plaintiff than the facts here. See also *Fischer* v. *Blank*, 138 N. Y. 244; *Pillsbury* v. *Pillsbury-Washburn Flour Mills Co.* 64

Fed. Rep. 841 ; and the rule stated at the end of *Dover Stamping Co.* v. *Fellows*, 163 Mass. 191; *Reddaway* v. *Banham*, [1895] 1 Q. B. 286, 294, *per* Lopes, L. J.

In the opinion of a majority of the court, the entry must be,

*Decree affirmed.*