### NEW ENGLAND AWL AND NEEDLE COMPANY *vs.* MARLBOROUGH AWL AND NEEDLE COMPANY.

Suffolk. January 28, 1897. — March 6, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Infringement — Imitation of Goods — Equity.*

A., a manufacturer, put up awls in a distinctive package consisting of a bronze colored box having a brown label on the top and one side with printed inscriptions, and tied with an orange string. Ten years after A. began the use of this package, which use, though small at first, increased largely during the last two years, B., a manufacturer of awls, began to use a box indistinguishable in every particular, even to the words of the inscription and the size and shape of the type, except that at the bottom, in letters and arrangement as nearly like A.'s as possible, instead of "Manufactured and warranted by New England Awl and Needle Co.," in a certain town, the label read, "Manufactured for United States Awl and Needle Co.," in a certain city. *Held*, that A. could maintain a bill in equity to restrain B.'s acts.

BILL IN EQUITY, filed in the Superior Court on September 12, 1896, to restrain the infringement of an alleged exclusive right to use a certain package for the plaintiff's goods. Hearing before *Sheldon*, J., who ruled that the plaintiff was not entitled to the relief asked, and ordered the bill to be dismissed; and the plaintiff appealed to this court. The facts appear in the opinion.

*J. E. Maynadier & O. R. Mitchell*, for the plaintiff.

*W. H. Coolidge & H. N. Rice*, for the defendant.

HOLMES, J. This is a bill to restrain the infringement of an alleged exclusive right of the plaintiff to put up awls in a distinctive package consisting of a bronze colored box having a brown label on the top and one side with printed inscriptions, and tied with an orange string. The box used by the defendant is indistinguishable in every particular, including the words of the inscription and the size and shape of the type, except that at the bottom, instead of " Manufactured and Warranted by the New England Awl & Needle Co., West Medway, Mass.," the defendant's label reads, " Manufactured for the United States Awl & Needle Co., New York," in letters and arrangement as nearly like the plaintiff's as possible. It is admitted by the answer that the plaintiff is a manufacturer of awls, and that it has used packages of the kind described since 1885. At first this use was comparatively small, but in 1893 it increased, and in 1896 extended to three quarters of the plaintiff's manufacture. In September, 1895, the defendant began the use complained of. An inspection of the boxes makes it plain that the public would not distinguish them. The judge before whom the case was tried found the facts, and ruled that the bill could not be maintained.

It is found that the defendant did not intend to deceive the public by passing off their goods for the plaintiff's, but this must be taken pretty strictly. They knew that they were putting the power to do so into the retail dealers' hands. It hardly can be doubted that they contemplated that the wholesale dealer at whose request they put up their awls in this form, with full knowledge of the plaintiff's prior use, would or might try to deceive the public, and whether they did or not is immaterial. They knew it after they were warned by the plaintiff, and stood upon their rights. The principles upon which the rights of the parties are to be determined are similar to those which are well known to govern trademarks, although the combination of elements is more complex than in devices which commonly go by that name. *Hildreth* v. *D. S. McDonald Co.* 164 Mass. 16. *Chadwick* v. *Covell*, 151 Mass. 190, 194. *Goodyear's India Rubber Glove Manuf. Co.* v. *Goodyear Rubber Co.* 128 U. S. 598, 604. *McLean* v. *Fleming*, 96 U. S. 245, 253, 254. *Taendsticksfabriks Akticbolagat Vulcan* v. *Myers*, 139 N. Y. 364. *Hall* v. *Barrows*,

4 DeG., J. & S. 150, 159. *Singer Machine Manufacturers* v. *Wilson*, 3 App. Cas. 376, 389. *Turton* v. *Turton*, 42 Ch. D. 128, 141. Kerly, Trade Marks, 13–15.

The report states that it did not appear whether or not any purchaser of awls had learned to recognize the plaintiff's awls by the appearance of the packages. This cannot mean more than that there was no direct testimony to that effect. But the fact that the plaintiff had used the combination since 1885, and largely since 1893, is enough to raise a presumption in its favor. *McAndrew* v. *Bassett*, 4 DeG., J. & S. 380, 384, 385.

The ground of the ruling probably was that the plaintiff did not claim a trade mark in boxes or labels, and that its objection to the defendant's boxes was solely because the label was of the same color as the plaintiff's. Of course a person cannot claim the monopoly of a color in connection with a particular line of trade, and very likely not in connection with the labels of a certain kind of goods generally. But the most universal element may be appropriated as the specific mark of a plaintiff's goods if it is used and claimed only in connection with a sufficiently complex combination of other things. The plaintiff did not claim the exclusive right to brown labels for awls, but it claimed the exclusive use of the brown color in the combination which we have described. If the only other element besides the color had been a box of a certain size and a label of a certain shape, the case might be different; *Enoch Morgan's Sons Co.* v. *Troxell*, 89 N. Y. 292; but when there is added an inscription, which both in its pictorial aspect of black marks and in its meaning was calculated to confuse if not to deceive, the plaintiff's claim seems to us moderate. *Frese* v. *Bachof*, 14 Blatchf. 432. *Sawyer* v. *Horn*, 4 Hughes, 239, 253; *S. C.* 1 Fed. Rep. 24. *Carbolic Soap Co.* v. *Thompson*, 25 Fed. Rep. 625. *Jennings* v. *Johnson*, 37 Fed. Rep. 364. *Wellman & Dwire Tobacco Co.* v. *Ware Tobacco Works*, 46 Fed. Rep. 289. *N. K. Fairbanks Co.* v. *R. W. Bell Manuf. Co.* 77 Fed. Rep. 869.

We are of opinion that the plaintiff is entitled to an injunction. To what further relief it is entitled can be determined better by the Superior Court.

*Injunction to issue.*