DOMINIK RUSSO & another *vs.* JOHN L. THOMPSON & another.

Suffolk.    January 7, 8, 1936. — March 3, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Unlawful Interference. Equity Jurisdiction,* To enjoin unlawful inter-
ference, Remedy at law, Plaintiff's clean hands. *Equity Pleading and
Practice,* Master: report of evidence, stenographer, findings, recom-
mittal. *Evidence,* Relevancy and materiality.

To a bill in equity alleging continuing injury to property rights of the
plaintiff by unfair trade practices in palming off a machine of the
defendant as the plaintiff's product, a demurrer on the ground that
the plaintiff had an adequate remedy at law rightly was overruled.

The patentee and licensor of a machine, in good faith believing that
a competing machine infringed his patent, lawfully, on advice of
counsel, might circulate a picture of a machine of his licensee which he
thought was covered by his patent and which closely resembled the
supposed infringing machine, with a warning to users of the latter that
they would be prosecuted for infringement.

A party to a suit in equity heard by a master has no right, under Rule
90 of the Superior Court (1932), to a summary by the master of evi-
dence to support a finding of fact unless, before any evidence is intro-
duced, the master's attention is plainly called to the fact that he is
asked to act under the rule and he selects or approves a stenog-
rapher to take the evidence as the rule requires: mere administering of
an oath to a stenographer whom one of the parties produces is not a
compliance with the rule.

The maker of a machine who had copied the appearance and mechanism
of another's unpatented machine, which had been on the market for
eight months, without clearly apprising the trade that it was not the
other's product, and, not acting in good faith, had sent out to the trade
circulars containing a picture of his machine with statements convey-
ing a false impression that it was protected by a patent, and a warning
that users of the other's machine would be prosecuted, was guilty of
unfair practice and rightly was enjoined from its continuance.

At the hearing by a master of a suit to enjoin the defendant's unfair interference with the sale of a machine of the plaintiff, evidence was admissible to show statements by persons in the trade that they were afraid to deal with the plaintiff because of representations and threats made by the defendant, to show injury to the plaintiff's business, good will and credit and to show the quality of the plaintiff's machine.

In a suit to enjoin the defendant from unfair practices to induce the trade to purchase machines of his instead of machines of the plaintiff, which were unpatented improvements of the machines previously sold by the defendant and quite different therefrom, evidence that the plaintiff formerly had sold the earlier machines of the defendant under an arrangement whereby he bought them from the defendant and then resold them, not as an employee, in the absence of evidence that he had learned any of the defendant's trade secrets or had assumed any fiduciary relation to the defendant, would not warrant a finding that the plaintiff did not come into court with clean hands.

BILL IN EQUITY, filed in the Superior Court on September 18, 1933.

Demurrers to the bill were overruled by *Dillon*, J. The suit was referred to a master. Besides findings by him described in the opinion, he found damages for the plaintiffs in the sum of $2,500. Pursuant to an order by *Pinanski*, J., the master in a supplemental report set forth facts which formed the basis for his finding as to damages. The supplemental report closes with the statement: "There was additional evidence that the acts and conduct of the defendant Thompson lessened the good will and reputation of the plaintiff." Successive motions to recommit the report were denied by *Goldberg*, J., and by *O'Connell*, J., and an interlocutory decree was entered by order of *O'Connell*, J., overruling exceptions of the defendants and confirming the report. A final decree was entered by order of *Fosdick*, J. The defendants appealed.

*J. Wasserman*, for the defendants.

*C. T. Bahn*, for the plaintiff.

QUA, J. The allegations of the bill, briefly summarized, are these: The plaintiffs, with labor and expense, have developed and perfected a shoe press for resoling shoes without the use of nails, which they have placed upon the market, which has become known as the Russo machine, and for which, through diligent effort and advertising, they

have created a valuable good will. The defendant Thompson has manufactured machines which are copies in detail and design of the Russo machine, including all its characteristic features, and has palmed them off to the trade as and for the Russo machine. The defendant Laganas, purporting to be the owner of a patent for a "shoe level machine . . . radically different from the said Russo machine," and the defendant Thompson, purporting to be a licensee of Laganas, intending to deceive the public and to defraud the plaintiffs, have sent out to the trade an advertisement or "warning" containing a photograph of the Russo machine or of such a close imitation as to be indistinguishable from it, carrying, and intended to carry, the false implication that the Russo machine is the Laganas machine protected by the Laganas patent, and threatening suit against all persons using machines of that character which do not bear the number of the Laganas patent. The defendants have persisted in their wrongful conduct. The prayers are for injunctive and other relief and for damages.

The demurrers of both defendants were rightly overruled. The only ground of demurrer now argued is that the remedy at law is adequate. The gist of the charge is the alleged continuing wrong of Thompson in selling his goods as those of the plaintiffs and the alleged continuing wrong of Thompson and of Laganas in fraudulently using the Laganas patent as a shelter for Thompson in injuring the plaintiffs' business. The bill is not based upon defamation as in *Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69, but upon continuing injury to the plaintiffs' property rights by unfair practices. *Lawrence Trust Co.* v. *Sun-American Publishing Co.* 245 Mass. 262. *Sherry* v. *Perkins,* 147 Mass. 212, 214. *Aronson* v. *Orlov,* 228 Mass. 1, 11. Clearly the remedy at law is not adequate. *Summerfield Co. of Boston* v. *Prime Furniture Co.* 242 Mass. 149, 155. *Maytag Co.* v. *Meadows Manuf. Co.* 35 Fed. Rep. (2d) 403, 408.

There was no error in overruling the defendants' exceptions and in confirming the master's reports. The master was not required under Rule 90 of the Superior Court (1932)

to append to his report brief, accurate and fair summaries necessary to determine whether the evidence was sufficient in law to support his findings, because the stenographers had not been selected or approved by him in accordance with the rule. Administering an oath at the request of one counsel or the other to a stenographer whom one of the parties has brought to the hearing is not the equivalent of such selection or approval. The attention of the master should be plainly called to the fact that he is asked to act under and for the purposes of the rule. Statements out of court by persons in the shoe repairing trade tending to show anxiety because of the "warning" and unwillingness to deal with the plaintiffs for that reason were competent. *Brannen* v. *Bouley*, 272 Mass. 67, 72. *Malloy* v. *Carroll*, 287 Mass. 376, 392, and cases cited. Evidence bearing upon injury to the plaintiffs' business, good will and credit and evidence tending to show the quality of the plaintiffs' machine was competent. Some evidence of possibly doubtful competency was admitted without objection, and some was struck out or disregarded. If any stray questions or answers which were incompetent were admitted and allowed to stand, we are satisfied that they were either wholly harmless or too inconsequential to have affected the findings. Some of the exceptions rest upon alleged evidence not reported. *Baush Machine Tool Co.* v. *Hill*, 231 Mass. 30, 41. Failure to find facts desired by a party is not a proper ground of exception. *Warfield* v. *Adams*, 215 Mass. 506, 519. *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 483.

Recommittal to the master for the reasons set forth in the two motions which were denied, in so far as it would have been proper at all on the grounds there stated, was discretionary with the court. The facts stated in the motions are not shown to have been proved. *Koch, petitioner,* 225 Mass. 148, 150. *Epstein* v. *Epstein*, 287 Mass. 248, 254. *Pearson* v. *Mulloney*, 289 Mass. 508, 513.

The findings of the master do not in all respects support the allegations of the bill. Vital findings are in substance these: In August, 1931, Thompson was already manufacturing a press of the general type mentioned in the bill.

Russo then began selling the Thompson press under an arrangement with Thompson. In the course of this work Russo became aware of defects in the Thompson machine and made to Thompson suggestions for its improvement, which Thompson did not adopt. Thereupon Russo developed a machine of his own. This Russo machine was quite different from the machine which Thompson was selling and was a great improvement upon it. In August, 1932, Russo ceased selling the Thompson machine. In October he offered his own machine on the market. In June, 1933, Thompson offered a machine, "which was almost the exact duplicate of the Russo machine." Its appearance was so like that of the Russo machine that they "cannot be differentiated except by a careful comparison." The master finds "that it is a copy of the Russo machine with certain nonessential minor differences." In February, 1931, Laganas obtained a patent for a machine which differed in appearance from the Thompson and Russo machines, but which made use of somewhat similar principles to accomplish results in part similar. Laganas contended that the Russo machine was an infringement of his patent. He negotiated with the plaintiffs with a view to licensing the plaintiffs, but the plaintiffs finally declined. Thereupon Laganas licensed Thompson under the Laganas patent. In August, 1933, the so called "warning" was published to the trade. This "warning" contained a picture of the Thompson machine, which was a copy of the Russo machine. By inference it represented that the machine depicted was protected by the Laganas patent, that similar machines (which of course included the Russo machine) not purchased through Thompson, the licensee, were infringements, and that infringers would be prosecuted. This publication damaged the plaintiffs' business. Thereafter the plaintiffs and Thompson continued to compete, each claiming to the trade that the other was selling wrongfully. "Thompson was not acting in good faith at any time" during this period. He had copied the Russo machine belonging to the plaintiffs and was endeavoring to sell his copy to the trade "in competition with the Russo machine at a less price and by state-

ments that it was the equal of the Russo machine, and in one instance his salesman did palm it off on one customer as the Russo machine itself . . . ." Thompson intended to injure the plaintiffs by his part in the "warning." Laganas acted in the exercise of good faith in the protection of his patent rights. He published the "warning" for that purpose. The Russo machine was not in fact an infringement of the Laganas patent, but from the exhibits it is obvious that there were similarities which might well have caused doubt in the mind of one not a patent expert. Laganas had satisfied himself that it was an infringement. His patent attorney had advised the publication of the "warning."

The bill should have been dismissed as to Laganas. There is no finding that he has been guilty of any legal wrong toward the plaintiffs. It does not appear that he knew of any wrongful act of Thompson or that he knew that Thompson acted in bad faith to injure the plaintiffs' business by the publication of the "warning" and by his claims of infringement. The findings forbid any inference that Laganas wrongfully joined with Thompson to injure the plaintiffs' business in the matter of the "warning." He had a right to publish the "warning" in good faith, under the advice of his attorney, and for the protection of what he believed to be his patent rights. *Aronson* v. *Orlov,* 228 Mass. 1, 11. *Virtue* v. *Creamery Package Manuf. Co.* 227 U. S. 8. *Helfi Co.* v. *Silvex Co.* 274 Fed. Rep. 653, affirmed, 278 Fed. Rep. 613. *Alliance Securities Co.* v. *De Vilbiss Manuf. Co.* 41 Fed. Rep. (2d) 668. *Flynn & Emrich Co.* v. *Federal Trade Commission,* 52 Fed. Rep. (2d) 836. Inasmuch as he acted in good faith and in the belief that the machine of his licensee Thompson was covered by his patent, he had a right to include in the "warning" a picture of the Thompson machine, even though it resembled the plaintiffs' machine. There is nothing to support an inference that he now intends to repeat injurious acts in bad faith.

Thompson is in a different position. The plaintiffs' machine was not patented. Thompson therefore had a right to imitate it, even as to details of form and appearance.

*Magee Furnace Co.* v. *LeBarron,* 127 Mass. 115. *Dover Stamping Co.* v. *Fellows,* 163 Mass. 191, 198. *Flagg Manuf. Co.* v. *Holway,* 178 Mass. 83. *Reading Stove Works, Orr, Painter & Co.* v. *S. M. Howes Co.* 201 Mass. 437. He had a right to sell his machine in competition with the plaintiffs' machine and at a less price. *New Method Die & Cut-out Co. Inc.* v. *Milton Bradley Co.* 289 Mass. 277, 283. But he had no right to sell his machine as and for the Russo machine, either by express false representations to that effect or by closely imitating the form and appearance of the Russo machine without at the same time adopting adequate means to indicate to prospective purchasers that the Thompson machine was not the Russo machine. *George G. Fox Co.* v. *Glynn,* 191 Mass. 344, 351. *George G. Fox Co.* v. *Hathaway,* 199 Mass. 99. *George G. Fox Co.* v. *Best Baking Co.* 209 Mass. 251. There is a finding that Thompson put his name or that of a jobber on all his machines, but there is no finding as to how this was done, and in view of the findings of bad faith in general and of active deception in at least one instance, we think it is fairly inferable that the marking was inadequate. See *Enterprise Manuf. Co.* v. *Landers, Frary & Clark,* 131 Fed. Rep. 240. Thompson had no right in bad faith to injure the plaintiffs by broadcasting threats of prosecution for infringement of the Laganas patent. *Aronson* v. *Orlov,* 228 Mass. 1, 11.

There is no basis for the contention that the plaintiffs do not come into court with clean hands. There is nothing to show that Russo, by reason of his former association with Thompson, learned any secret methods of manufacture or that he had placed himself in any fiduciary relation toward Thompson which would prevent him from using all he knew. It is not found that he was Thompson's employee. Apparently he bought machines from Thompson outright and resold them on his own account.

It follows that the plaintiffs are entitled to injunctive relief against Thompson. Paragraph 3 of the final decree should, however, be so modified that it shall not apply to machines clearly and adequately marked, so as to indicate

to prospective purchasers plainly and beyond a reasonable possibility of mistake that they are the product of Thompson and not the product of the plaintiffs. *Flagg Manuf. Co.* v. *Holway*, 178 Mass. 83, 91. The fifth paragraph of the decree is so broad that it might lead to difficulties of construction. The relief granted seems adequate without it. We think this paragraph should be omitted.

We are not in a position to say that the master's finding as to damages is erroneous. It is plain that he has not reported all the evidence on this point. The defendants did not put themselves in a position to demand such report as of right in the first instance, and the court finally declined to order any further report. The finding must stand. *MacLeod* v. *Davis*, 290 Mass. 335, 338.

The result is that the interlocutory decrees appealed from are affirmed and that the final decree must be modified by dismissing the bill as to the defendant Laganas with costs to him, by making the other changes hereinbefore mentioned and by dismissing both counterclaims. As so modified, the final decree is affirmed with costs as against the defendant Thompson.

*Ordered accordingly.*